# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**  **2. PLEASE TYPE OR PRINT**  **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Willie Maddix,<br><br>          Plaintiff-Appellant,<br>   -against-<br><br>The City of New York,<br><br><br>          Defendant-Appellees. | USDC Eastern District | Hector Gonzalez |

| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>April 8, 2026 | District Court Docket No.:<br>25 CV 1909 (HG) |
|---|---|---|
| | Date the Notice of Appeal was Filed:<br>May 4, 2026 | Is this a Cross Appeal?<br>☐ Yes  ☑ No |

**Attorney(s) for Appellant(s):**
☑ Plaintiff
☐ Defendant

Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail:

Andrew M. Stengel, The Law Firm of Andrew M. Stengel P.C., 11 Broadway, Suite 715, NY, NY 10004, Tele: (212) 634-9222, Fax:(212) 634-9223; Email: andrew@stengellaw.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
☑ Defendant

Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail:

Kavin Suresh Thadani, NYC Dept. of Law, 100 Church St., Rm 3-195, NY, NY 10007; Tele: 212) 356-2351; Fax: (212) 356-3509; Email: kthadani@law.nyc.gov (for City); Emily Seiderman West, Venable LLP, Litigation, 151 W. 42nd Street, 49th Floor, NY, NY 10036; Tele: (212) 503-9816; Email: EAWest@Venable.com (for both Marriott Defendants)

| Has Transcript Been Prepared?<br><br>N/A - No transcript; motion to dismiss | Approx. Number of Transcript Pages:<br>N/A | Number of Exhibits Appended to Transcript:<br>N/A | Has this matter been before this Circuit previously?  ☐ Yes  ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:  N/A<br><br>2d Cir. Docket No.:  Reporter Citation: (i.e., F.3d or Fed. App.)<br>N/A                      N/A |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION;  (2) THE RESULT BELOW;  (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party        ☐ Diversity<br><br>☑ Federal question      ☐ Other (specify):<br>   (U.S. not a party) | ☑ Final Decision        ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br><br>☐ Interlocutory Decision   ☐ Other (specify):<br>   Appealable As of Right |

### IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

**FORM C**  (Rev. October  2025)

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ✔ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>lack of subject matter juris.<br>✔ Dismissal/FRCP 12(b)(6)<br>failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ✔ Damages:<br><br>✔ Sought: $ 100,000,000<br>☐ Granted: $ _____<br>☐ Denied: $ _____ | ☐ Injunctions:<br><br>☐ Preliminary<br>☐ Permanent<br>☐ Denied |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>✔ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>Maritime<br>☐ Assault /<br>Defamation<br>☐ FELA<br>☐ Products Liability<br>✔ Other (Specify):<br>§1983 action for wrongful<br>incarceration | ☐ Admiralty/<br>Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ✔ Yes    ☐ No<br><br>Will appeal raise a matter of first impression?<br><br>✔ Yes    ☐ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ✔ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ✔ No

    (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ✔ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

| Name of Appellant: |
|---|

| Date:<br><br>May 14, 2026 | Signature of Counsel of Record:<br><br>*Andrew M. Stengel* |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

        **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. October 2025)

(*Maddix v. City of New York*, Docket No. 26-1246)

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

### ADDENDUM "A"

### DESCRIPTION OF THE NATURE OF THE ACTION

The underlying 42 U.S.C. § 1983 action, commenced on April 8, 2025, sought damages for 19 years Plaintiff Willie Maddix lost in prison due to egregious prosecutorial misconduct by the Kings County District Attorney's Office ("KCDA") under the administration of disgraced former District Attorney Charles J. Hynes. KCDA prosecutors suppressed *Brady/Giglio* material during Maddix's 1994 trial and then covered up that suppression for nearly three decades.

Unbeknownst to Maddix, the prosecutor's star witness at Maddix's 1994 trial refused to testify. As a result, a KCDA prosecutor and investigators illegally imprisoned the witness in a Queens hotel room, against his will and held him *incommunicado* until he agreed to testify. The prosecutor then promised the witness that if he testified he would be released from custody. After securing the witness's agreement, the prosecutor falsely portrayed the witness to the jury at Maddix's trial as a Good Samaritan with "no motivation to lie" with "nothing at stake," even though the witness's release from custody was contingent on his testimony. Maddix alleged the City was liable for the prosecutor's conduct because it resulted from an official policy, custom, or practice of the City via the Kings County District Attorney's Office ("DA's Office").[1] *See e.g.*

---

[1] The prosecutor's outrageous conduct virtually mirrored the Brooklyn prosecutor's conduct in *Quezada v. Smith*, 624 F.3d 514, 522 (2d Cir. 2010), where this Court took the extraordinary step of authorizing the filing of a second or successive habeas petition. There, the prosecutor caused a detective to illegally confine a key prosecution witness in a hotel room and threaten him with 10 years in prison if he did not cooperate. Following remand, the Kings County District Attorney agreed to vacate the conviction and the City and State paid the prisoner over $13 million to settle his wrongful imprisonment lawsuits. *See* National Registry of Exoneration (https://exonerationregistry.org/cases/11862) (last visited May 14, 2026).

1

*Bellamy v. City of New York*, 914 F.3d 727, 758 (2d Cir. 2019) (local DAs are municipal policymakers for City of New York).

Maddix alleged Marriott International, Inc. and Marriott Hotel Services, Inc. (collectively "the Marriott Defendants") were liable for this conduct as well by virtue of its local policymakers, Marriott hotel managers, civil conspiracy with KCDA to illegally imprison witnesses and cover-up that misconduct.

Maddix alleged the Marriott hotel policymakers had both "actual and constructive notice" of the nature of the witnesses' involuntary detentions by virtue of, among other things, their (1) communications with the KCDA's Witness Relocation Unit, (2) observing shackled prisoners being escorted in and out of hotel rooms and damage to hotel doors caused by those shackles, (3) special instructions to hotel staff on how to deal with witnesses to ensure the witnesses' isolation and inability to challenge their confinement, and (4) Marriott's use of "custody numbers" to track the witnesses' hotel rooms.

After Maddix was convicted of weapon charges based on the KCDA's false trial presentation, KCDA employees, in accordance with the conspiracy, covered up the misconduct and suppressed the *Brady/Giglio* material for nearly 30 years, repeatedly deceiving Maddix, his attorneys and every court that reviewed Maddix's conviction. Maddix alleged the Marriott Defendants were liable for injuries resulting from this coverup as those injuries were a reasonably foreseeable consequence, indeed one of the goals, of the civil conspiracy Marriott's policymakers joined. *See e.g. Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983) (civil conspirator can be held responsible for crimes committed by his co-conspirators to the extent those offenses were reasonably foreseeable consequences of acts furthering the unlawful agreement, even if [the conspirator] did not himself participate in the substantive crimes.");

2

*Freeman v. HSBC Holdings PLC,* 57 F.4th 66, 76 (2d Cir. 2023) (noting Congress recognized *Halberstam* as "a leading case" on civil "conspiracy liability.").

Maddix alleged the suppression and use of false testimony violated his right to a fair trial under *Brady/Giglio*, and that the subsequent 30-year coverup violated his right to substantive due process, to challenge his conviction, and to ongoing disclosure of *Brady/Giglio* material suppressed during at trial. *See Steidl v. Fermon*, 494 F.3d 623, 630 (7th Cir. 2007) ("For evidence known to the state at the time of the trial, the duty to disclose extends throughout the legal proceedings that may affect either guilt or punishment, including post-conviction proceedings. Put differently, the taint on the trial that took place continues throughout the proceedings, and thus the duty to disclose and allow correction of that taint continues.").

Finally, Maddix further contended that because the prosecutors suppressed the *Brady/Giglio* material throughout his 19-year imprisonment, and he only discovered the suppression after he was released from prison and when federal habeas corpus was unavailable, his case falls within the non-custodial exception to *Heck v. Humphrey*, 514 U.S. 477 (1994), a case that would normally preclude a § 1983 action if its success would imply the invalidity of an outstanding state court conviction. *See e.g. Wiggins v. Mellia, 2023 WL 6222303,* at *2 (2d Cir. Sept. 26, 2023) ("There is … a narrow exception to the Heck bar that permits a § 1983 suit where federal habeas relief is unavailable."); *Teichmann v. New York,* 769 F.3d 821, 829-30 (2d Cir. 2014) (Calebrisi, J. Concurring) ("The law in this Circuit … holds … that *Heck* does not bar § 1983 claims when habeas is unavailable, at least so long as the unavailability was not intentionally caused by the plaintiff …. Indeed, it is only because of …seemingly binding Circuit cases that in *Poventud v. City of New* York [715 F.3d 57, 62 (2d Cir. 2013)] the panel majority

3

(as opposed to the *en banc* majority) reached the *Heck*-habeas issue that led to *en banc* consideration in the first place.")

## THE DISTRICT COURT'S HOLDING BELOW/THE RESULT BELOW

The district court granted Defendants' Fed.R.Civ.P. 12 (b)(6) motion and dismissed Maddix's complaint. Overlooking the specific allegations in Maddix's complaint, the court held (1) Maddix failed to plead a constitutional *Brady* claim because he failed to allege the witness' coerced testimony was false, (2) Maddix failed to plausibly allege the Marriott defendants engaged in a civil conspiracy because he failed to alleged the shared goal of the conspiracy was to deprive him of his rights. As a result of these two ruling, the Court concluded Maddix could not sustain a *Monell* claim (as there was no constitutional injury) or demonstrate the Marriott Defendants engaged in the requisite state action for § 1983 purposes (as Maddix failed to plausibly allege a civil conspiracy).

The court did not address Maddix's *Giglio* issue, the *Heck* issue, or several additional issues Defendants advanced for dismissal.

## NOTICE OF APPEAL & DISTRICT COURT DOCKET SHEET

Maddix provides the Notice of Appeal entered May 4, 2026, and the District Court's docket sheet as Exhibits A & B, respectively.

## THE APRIL 8, 2026, MEMORANDUM & ORDER

Maddix provides the April 8, 2026, Memorandum & Order of the District Court of the Eastern District of New York (Gonzalez, J.) as Exhibit C.

4

(*Maddix v. City of New York*, Docket No. 26-1246)

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "B"**

**LIST OF PROPOSED ISSUES AND APPLICABLE STANDARDS OF REVIEW**[1]

| No. | Issues/Standards Of Reviews |
|---|---|
| 1-2 | **Issue 1 & 2:** Unbeknownst to Maddix, during his murder trial the star prosecution witness refused to testify.  In response, the trial prosecutor abused a material witness warrant he obtained *ex parte* by using the warrant to illegally imprison the witness in a Queens hotel room against his will, where he was held *incommunicado*.  The prosecutor then explicitly promised the witness that once the witness testified, he would be released from custody, and only then did the witness agree to cooperate.  At trial, the prosecutor concealed these facts from the defense and falsely portrayed the witness to the jury as a Good Samaritan with "no motivation to lie" with "nothing at stake," even though the witness's very freedom was contingent on his testimony.<br>　　　(1)　Did these facts plausibly allege the prosecutor's conduct violated Maddix's Fifth Amendment rights under *Brady v. Maryland*, 373 U.S. 83 (1963)? (The district court held that Maddix failed to state a *Brady* violation because he did not allege the witness' trial testimony was false.)<br>　　　(2)　Did these facts plausibly allege the prosecutor's conduct violated Maddix's Fifth Amendment rights under Fifth Amendment rights under *Giglio v. United States*, 405 U.S. 150 (1972)?  (The district court did not rule on Maddix's *Giglio* claim.)<br><br>**Standard of Review:** The Second Circuit reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12 (b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076 (2d Cir. 2021). |
| 3 | **Issue 3:**  Maddix alleged in his complaint that local hotel policymakers for the Marriott Hotel, where the prosecutor illegally incarcerated the star witness, knowingly participated in a civil conspiracy with the City by facilitating the City's policy of illegally imprisoning witnesses as prisoners, knowingly serving as *de facto* City "black |

---

[1] As this is an appeal from the district court's dismissal of Maddix's complaint pursuant to Fed.R.Civ.P. 12 (b)(6), this Court construes the complaint liberally and accepts all allegations in the complaint as true. *See e.g. Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076 (2d Cir. 2021)

1

site," and agreeing to to cover-up those acts. Maddix alleged the hotel policymakers had both actual and constructive notice of the nature of the witnesses' involuntary detentions by virtue of those hotel policymakers' communications with the KCDA's Witness Relocation Unit, observation of shackled prisoners being escorted in and out of hotel rooms, damage to hotel doors caused by those shackles, instructions to hotel staff on how to deal with witnesses to ensure the witnesses' isolation and inability to challenge their confinement, and use of "custody numbers" to track the witnesses' hotel rooms. Maddix further alleged that the suppression of *Brady/Giglio* material at his trial and the post-conviction coverup of it were reasonably foreseeable consequences of the civil conspiracy, and in fact, one of its objectives.

Did these facts plausibly state a claim against the Marriott Hotel Defendants for civil conspiracy? (The district court held Maddix failed to plausibly allege a civil conspiracy because he did not allege the shared goal of the conspiracy was to deprive him of his rights.)

**Standard of Review:** The Second Circuit reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12 (b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076 (2d Cir. 2021).

## 4-5

**Issue 4 & 5:** After the prosecutor suppressed the *Brady/Giglio* material during Maddix's trial, the KCDA covered up that material for the next 30 years, including throughout all of Maddix's post-conviction and federal habeas proceedings. Over a decade after Maddix was released from prison, he discovered the *Brady/Giglio* material when a researcher working on an unrelated wrongful conviction case contacted Maddix and alerted him to the existence of the material. By then, Maddix was no longer in custody and could not pursue federal habeas corpus relief.

(1) Is Maddix, in accordance the majority of circuits, exempted from *Heck v. Humphrey* because he is no longer is in custody and cannot pursue federal habeas corpus relief? (The district court did not reach this issue, but the *Heck* issue could nevertheless be considered as a potential basis for affirmance. *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 106 (2d Cir. 2022).)

(2) Is *Heck v. Humphrey* a waivable defense that Defendants' misconduct equitably estops them from raising?

**Standard of Review:** The Second Circuit reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12 (b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076 (2d Cir. 2021).

| | |
|---|---|
| 6-7 | **Issues 6-7:** Following Maddix's conviction, the KCDA, in violation of its continuing obligation to disclose *Brady* material suppressed during Maddix's trial, covered up the *Brady/Giglio* violations for 30 years. Additionally, through affirmative misrepresentations and omissions, the KCDA repeatedly misled Maddix and every court to review his case that no *Brady/Giglio* material existed.<br><br>(1) Under these facts, is Maddix's § 1983 action timely under the diligence-discovery rule, which provides that where defendant fraudulently conceals a wrong, the statute of limitations does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action?<br><br>(2) Does equitable estoppel preclude Defendants from raising the statute of limitations defense? (The district court did not reach these issues, but the statute of limitations issue could nevertheless be considered as a potential basis for affirmance. *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 106 (2d Cir. 2022).)<br><br>**Standard of Review:** The Second Circuit reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12 (b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076 (2d Cir. 2021). |
| 8 | **Issue 8:** Maddix alleged in his complaint that the City, through the KCDA's policies, customs, practices, and delegated policymakers, including the trial prosecutor, explicitly agreed to take part in the civil conspiracy, commit the wrongs detailed in the complaint, and coverup the other conspirators' conduct.<br><br>Were these allegations, considered with the rest of the complaint, sufficient to plausible allege the trial prosecutor's conduct was undertaken pursuant to a *Monell* policy, custom, or practice? (The district court held Maddix did not allege any conduct was undertaken pursuant to an official policy, custom, or practice.)<br><br>**Standard of Review:** The Second Circuit reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12 (b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076 (2d Cir. 2021). |
| 9 | **Issue 9:** Maddix grounded all his constitutional claims on conduct that took place *prior to* the entry of the state court judgment convicting him, and the Defendant's 30-year cover-up *after* that judgment was entered.<br><br>Were Maddix injuries, which existed in the exact form prior to the entry of the state court judgment, and were additionally based on Defendant's coverup actions after the state court judgment was entered, barred by the *Rooker-Feldman* doctrine, which |

precludes certain § 1983 actions for injuries caused by an outstanding state court judgment? (The district court did not reach the *Rooker-Feldman* issue but it could nevertheless be considered as a potential basis for affirmance. *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 106 (2d Cir. 2022).)

**Standard of Review:** The Second Circuit reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12 (b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076 (2d Cir. 2021).

4

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## CIVIL APPEAL TRANSCRIPT INFORMATION (FORM D)

**NOTICE TO COUNSEL:** COUNSEL FOR THE APPELLANT MUST FILE THIS FORM WITH THE CLERK OF THE SECOND CIRCUIT IN ALL CIVIL APPEALS WITHIN 14 CALENDAR DAYS AFTER FILING A NOTICE OF APPEAL.

| THIS SECTION MUST BE COMPLETED BY COUNSEL FOR APPELLANT | | |
|---|---|---|
| **CASE TITLE**<br>Willie Maddix,<br>        Plaintiff-Appellant,<br>  -against-<br>The City of New York,<br>        Defendant-Appellees. | **DISTRICT**<br>Eastern (25 CV 1909) | **DOCKET NUMBER**<br>26-1246 |
| | **JUDGE**<br>Hector Gonzalez | **APPELLANT**<br>Willie Maddix |
| | **COURT REPORTER**<br>N/A  (No transcript) | **COUNSEL FOR APPELLANT**<br>Andrew M. Stengel |

**Check the applicable provision:**

☐ **I am ordering a transcript.**

☑ **I am not ordering a transcript.**

**Reason for not ordering a transcript:**

☐ **Copy is already available**

☑ **No transcribed proceedings**

☐ **Other (Specify in the space below):**

**PROVIDE A DESCRIPTION, INCLUDING DATES, OF THE PROCEEDINGS FOR WHICH A TRANSCRIPT IS REQUIRED** (*i.e.*, oral argument, order from the bench, etc.)

N/A (No transcript; appeal from judgment granting defendants' Rule 12 (b)(6) motion to dismiss).

**METHOD OF PAYMENT**   ☐ Funds   ☐ CJA Voucher (CJA 21)

**INSTRUCTIONS TO COURT REPORTER:**

☐ **PREPARE TRANSCRIPT OF PRE-TRIAL PROCEEDINGS**

☐ **PREPARE TRANSCRIPT OF TRIAL**

☐ **PREPARE TRANSCRIPT OF OTHER POST- TRIAL PROCEEDINGS**

☑ **OTHER (Specify in the space below):**

N/A

**DELIVER TRANSCRIPT TO: (COUNSEL'S NAME, ADDRESS, TELEPHONE)**

N/A

If a transcript is ordered, I certify that I have sent this form to the court reporter and have made satisfactory arrangements with the court reporter for payment of the cost of the transcript. *See* **FRAP 10(b). I understand that unless I have already ordered the transcript, I shall order its preparation at the time required by FRAP and the Local Rules.**

| **COUNSEL'S SIGNATURE**<br>*Andrew Stengel* | **DATE**<br>May 14, 2026 |
|---|---|

**COURT REPORTER ACKNOWLEDGMENT:** This section is to be completed by the court reporter. Return one copy to the Clerk of the Second Circuit.

| **DATE ORDER RECEIVED** | **ESTIMATED COMPLETION DATE** | **ESTIMATED NUMBER OF PAGES** |
|---|---|---|
| **SIGNATURE OF COURT REPORTER** | | **DATE** |

Revised June, 2017

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X
                                                            :
WILLIE MADDIX,                                              :          **<u>NOTICE OF APPEAL</u>**
                                                            :
                                    Plaintiff,              :          25 CV 1909 (HG)
                                                            :
            -against-                                       :
                                                            :
THE CITY OF NEW YORK, MARRIOTT                              :
HOTEL SERVICES, INC., and MARRIOTT                          :
INTERNATIONAL, INC.,                                        :
                                                            :
                                                            :
                                    Defendants.             :
                                                            :
———————————————————————X

        PLEASE TAKE NOTICE, that Plaintiff Willie Maddix hereby appeals to the United States

Court of Appeals for the Second Circuit from an April 8, 2026, Memorandum & Order (Gonzalez,

J.) granting Defendants' motions to dismiss his First Amended Complaint, and Judgment of that

same Court dated April 9, 2026, and entered that same, day, entering judgment in favor of

Defendants.

Dated:          April 16, 2026
                New York, New York




                                                    Andrew M. Stengel, Esq.
                                                    The Law Firm of Andrew M. Stengel, P.C.
                                                    *Attorneys for Willie Maddix*
                                                    11 Broadway Suite 715
                                                    New York, New York 10004
                                                    Tel: 212-634-9222
                                                    Fax: 212-634-9223
                                                    Email: andrew@stengellaw.com

# EXHIBIT B

5/14/26, 1:14 PM

Case: 26-1246, 05/16/2026, DktEntry: 9.1, Page 15 of 41
Eastern District of New York - LIVE Database 1.8 (Revision 1.8.4)

**Query**     **Reports**     **Utilities**     **Help**     **Log Out**

APPEAL,ACO,DJI

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:25-cv-01909-HG

Maddix v. The City of New York et al
Assigned to: Judge Hector Gonzalez
Demand: $100,000,000
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 04/08/2025
Date Terminated: 04/09/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Willie Maddix**                 represented by   **Andrew M. Stengel**
The Law Firm of Andrew M. Stengel
New York
11 Broadway
Suite 715
New York
New York, NY 10004
212-634-9222
Fax: 212-634-9223
Email: andrew@stengellaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The City of New York**          represented by   **Kavin Suresh Thadani**
New York City Law Department
100 Church Street, Rm 3-195
New York, NY 10007
212-356-2351
Fax: 212-356-3509
Email: kthadani@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary O'Flynn**
Corporation Counsel of the City of New
York
100 Church Street
New York, NY 10007
212-356-2352
Fax: (212) 788-9776
Email: moflynn@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **Marriott Hotel Services, Inc.** | represented by **Emily Seiderman West**<br>Venable LLP<br>Litigation<br>151 W. 42nd Street<br>49th Floor<br>New York, NY 10036<br>212-503-9816<br>Email: EAWest@Venable.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Konstantinos Dimitrios Katsiris**<br>Venable LLP<br>151 West 42nd Street<br>Ste 49th Floor<br>New York, NY 10036<br>212-307-5500<br>Email: kdkatsiris@venable.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **Marriott International, Inc.** | represented by **Emily Seiderman West**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Konstantinos Dimitrios Katsiris**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Kyle Reeves**
*TERMINATED: 05/29/2025*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/08/2025 | 1 | COMPLAINT against All Defendants filing fee $ 405, receipt number ANYEDC-18930751 Was the Disclosure Statement on Civil Cover Sheet completed -YES,, filed by Willie Maddix. (Attachments: # 1 Exhibit KCDA DI Directive On Custodies, # 2 Exhibit KCDA Prisoner Form, # 3 Exhibit KCDA Hotel Reservation Letter, # 4 Exhibit Excerpt of DA Hynes Deposition, # 5 Exhibit People v. Collins MWO Materials, # 6 Exhibit People v. Ellis MWO Materials, # 7 Exhibit People v. Spruill MWO Materials, # 8 Exhibit Appearance Transcript in People v. Wagstaffe, # 9 Exhibit FBI Report Regarding Hynes' Probable Criminal Activity, June 23, 2014, # 10 Exhibit KCDA Custody Reservation Request For DeJesus, # 11 Exhibit KCDA Custody Schedule, # 12 Exhibit KCDA Hotel Reservation Letter For DeJesus, # 13 Exhibit KCDA Riding Policy Memorandum, # 14 Exhibit KCDA CLE Tips for New Prosecutors, Kings County DA, # 15 Exhibit List of 78 Court Decisions, # 16 Exhibit Letter of Kellner's Attorney to. Kings County DA's Office Requesting Brady Material, July 13, 2013, # 17 Exhibit Kings County DA's Office July 5, 2013, Letter, Personally Edited By Hynes, # 18 Exhibit Email of Chief of Trials Joseph Alexis to Rackets Division Chief Michael F. Vecchione, July 2, 2013, # 19 Exhibit ADA Rebecca Gingold's June 7, 2012, Memo to Michael Vecchione in People v. Crooks, Kings County Ind. No. 5226-11, # 20 Exhibit Hynes' Email to Michael Vecchione, June 24, 2012, # 21 Exhibit KCDA FOIL Memo, # 22 Exhibit Affidavit of Material Witness Richard |

| | | |
|---|---|---|
| | | Rivera, # 23 Civil Cover Sheet, # 24 Proposed Summons) (Stengel, Andrew) (Entered: 04/08/2025) |
| 04/08/2025 | | Case Assigned to Judge Hector Gonzalez. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (CV) (Entered: 04/08/2025) |
| 04/08/2025 | 2 | Clerk's Notice Re: Consent. A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.The form may also be accessed at the following link: https://img.nyed.uscourts.gov/files/forms/MJConsentForm.pdf (CV) (Entered: 04/08/2025) |
| 04/08/2025 | 3 | Summons Issued as to Marriott Hotel Services, Inc., Marriott International, Inc., Kyle Reeves, The City of New York. (CV) (Entered: 04/08/2025) |
| 04/08/2025 | 4 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (CV) (Entered: 04/08/2025) |
| 04/08/2025 | | ORDER: Plaintiff shall file a letter no longer than three pages on or before April 29, 2025, describing Plaintiff's efforts to serve Plaintiff's complaint and a summons on each Defendant. If Plaintiff fails to file the letter required by this order, or if Plaintiff's letter demonstrates a lack of diligence in attempting service, then the Court is unlikely to extend the deadline for Plaintiff to complete service under Rule 4(m) in the absence of unusual circumstances demonstrating good cause.

The Court will not extend the deadline for Plaintiff to file the letter required by this order unless Plaintiff requests an extension in accordance with Section I.D of the Court's Individual Practices. Ordered by Judge Hector Gonzalez on 4/8/2025. (RCM) (Entered: 04/08/2025) |
| 04/22/2025 | 5 | AMENDED COMPLAINT *FIRST* against All Defendants, filed by Willie Maddix. (Attachments: # 1 Exhibit KCDA DI Directive On Custodies, # 2 Exhibit KCDA Prisoner Form, # 3 Exhibit KCDA Hotel Reservation Letter, # 4 Exhibit Excerpt of DA Hynes Deposition, # 5 Exhibit People v. Collins MWO Materials, # 6 Exhibit People v. Ellis MWO Materials, # 7 Exhibit People v. Spruill MWO Materials, # 8 Exhibit People v. Spruill MWO Materials, # 9 Exhibit FBI Report Regarding Hynes' Probable Criminal Activity, June 23, 2014, # 10 Exhibit KCDA Custody Reservation Request For DeJesus, # 11 Exhibit KCDA Custody Schedule, # 12 Exhibit KCDA Hotel Reservation Letter For DeJesus, # 13 Exhibit KCDA Riding Policy Memorandum, # 14 Exhibit KCDA CLE Tips for New Prosecutors, Kings County DA, # 15 Exhibit List of 78 Court Decisions, # 16 Exhibit Letter of Kellner's Attorney to. Kings County DA's Office Requesting Brady Material, July 13, 2013, # 17 Exhibit Kings County DA's Office July 5, 2013, Letter, Personally Edited By Hynes, # 18 Exhibit Email of Chief of Trials Joseph Alexis to Rackets Division Chief Michael F. Vecchione, July 2, 2013, # 19 Exhibit ADA Rebecca Gingold's June 7, 2012, Memo to Michael Vecchione in People v. Crooks, Kings County Ind. No. 5226-11, # 20 Exhibit Hynes' Email to Michael Vecchione, June 24, 2012, # 21 Exhibit KCDA FOIL Memo, # 22 Exhibit Affidavit of Material Witness Richard Rivera, # 23 Proposed Summons) (Stengel, Andrew) (Entered: 04/22/2025) |

5/14/26, 1:14 PM

Case: 26-1246, 05/16/2026, DktEntry: 9.1, Page 18 of 41
Eastern District of New York - LIVE Database 1.8 (Revision 1.8.4)

| 04/24/2025 | 6 | SUMMONS Returned Executed by Willie Maddix. The City of New York served on 4/24/2025, answer due 5/15/2025. (Stengel, Andrew) (Entered: 04/24/2025) |
|---|---|---|
| 04/24/2025 | 7 | SUMMONS Returned Executed by Willie Maddix. Marriott Hotel Services, Inc. served on 4/24/2025, answer due 5/15/2025. (Stengel, Andrew) (Entered: 04/24/2025) |
| 04/24/2025 | 8 | SUMMONS Returned Executed by Willie Maddix. Marriott International, Inc. served on 4/24/2025, answer due 5/15/2025. (Stengel, Andrew) (Entered: 04/24/2025) |
| 04/29/2025 | 9 | STATUS REPORT *Re: Service of Defendants* by Willie Maddix (Stengel, Andrew) (Entered: 04/29/2025) |
| 04/29/2025 | 10 | SUMMONS Returned Executed by Willie Maddix. Kyle Reeves served on 4/28/2025, answer due 5/19/2025. (Stengel, Andrew) (Entered: 04/29/2025) |
| 04/29/2025 | 11 | SCHEDULING ORDER: Counsel for all parties are directed to file on the docket a joint letter describing the case and a completed civil case management plan by May 29, 2025, as further described in the attached mandatory requirements. Requests for adjournment of the deadline for these submissions will be considered only if made in writing and otherwise in accordance with Section I.C of the Court's Individual Practices. Plaintiff's counsel shall notify Defendants' counsel of this scheduling order, in writing, as soon as reasonably possible.<br><br>Although the Court will be amenable to a reasonable extension of Defendants' deadline to answer or otherwise respond to Plaintiff's complaint, the Court will require the parties to demonstrate additional good cause to adjourn the deadline for filing the joint letter and proposed case management plan required by this order because the Court does not need Defendants' answer to set a discovery schedule. Ordered by Judge Hector Gonzalez on 4/29/2025. (RCM) (Entered: 04/29/2025) |
| 05/07/2025 | 12 | First MOTION for Extension of Time to File *Conduct R.26 Conf*. by Willie Maddix. (Stengel, Andrew) (Entered: 05/07/2025) |
| 05/07/2025 | | ORDER granting 12 Motion for Extension of Time. Ordered by Judge Hector Gonzalez on 5/7/2025. (RCM) (Entered: 05/07/2025) |
| 05/12/2025 | 13 | NOTICE of Appearance by Konstantinos Dimitrios Katsiris on behalf of Marriott Hotel Services, Inc., Marriott International, Inc. (aty to be noticed) (Katsiris, Konstantinos) (Entered: 05/12/2025) |
| 05/12/2025 | 14 | NOTICE of Appearance by Emily Seiderman West on behalf of Marriott Hotel Services, Inc., Marriott International, Inc. (aty to be noticed) (West, Emily) (Entered: 05/12/2025) |
| 05/12/2025 | 15 | Corporate Disclosure Statement by Marriott Hotel Services, Inc., Marriott International, Inc. identifying Corporate Parent Marriott International, Inc. for Marriott Hotel Services, Inc.. (West, Emily) (Entered: 05/12/2025) |
| 05/12/2025 | 16 | Letter MOTION for Extension of Time to File Answer re 5 Amended Complaint,,,,,, / *Marriott Defendants' Letter Motion Requesting Extension of Time to Respond to the Amended Complaint* by Marriott Hotel Services, Inc., Marriott International, Inc.. (West, Emily) (Entered: 05/12/2025) |
| 05/13/2025 | | ORDER granting 16 Motion for Extension of Time to Answer: Marriott Hotel Services, Inc. answer due 6/27/2025; Marriott International, Inc. answer due 6/27/2025. Ordered by Judge Hector Gonzalez on 5/13/2025. (RCM) (Entered: 05/13/2025) |
| 05/14/2025 | 17 | First MOTION for Extension of Time to File Answer re 5 Amended Complaint,,,,,, *until July 14, 2025* by The City of New York. (O'Flynn, Mary) (Entered: 05/14/2025) |

| | | |
|---|---|---|
| 05/14/2025 | | ORDER granting 17 Motion for Extension of Time to Answer: The City of New York's motion for an extension of time to July 14, 2025, to answer or otherwise move on the Amended Complaint is GRANTED. Plaintiff consents to an extension of time only to June 27, 2025, but in light of the factors identified in the City's letter, a lengthier extension is appropriate here. Ordered by Judge Hector Gonzalez on 5/14/2025. (RCM) (Entered: 05/14/2025) |
| 05/15/2025 | 18 | NOTICE of Appearance by Kavin Suresh Thadani on behalf of The City of New York (aty to be noticed) (Thadani, Kavin) (Entered: 05/15/2025) |
| 05/16/2025 | 19 | MOTION to Adjourn Conference - *Motion to Adjourn Parties' Rule 26(f) Conference, Proposed Case Management Plan, and Joint Letter Describing The Case* by The City of New York. (Thadani, Kavin) (Entered: 05/16/2025) |
| 05/16/2025 | 20 | First MOTION to Adjourn Conference *Plaintiff's Oppostion* by Willie Maddix. (Stengel, Andrew) (Entered: 05/16/2025) |
| 05/19/2025 | | ORDER: Defendant the City of New York has moved for an adjournment of the Court's prior Order requiring, *inter alia*, the submission of a proposed case management plan. *See* ECF No. 19 . The Marriott Defendants join that motion. *See id.* at 2. Plaintiff opposes the motion. *See* ECF No. 20 . The Court agrees with Plaintiff's characterization of the letter motion as essentially seeking a discovery stay. In determining the propriety of a stay, the Court assesses, *inter alia*, "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citation omitted). The Court is unable to adequately assess those factors based on the papers before it. With the benefit of each other's papers, the Court directs the parties to prepare a joint submission consistent with Section IA.V.1 of the Court's Individual Practices on or before May 27, 2025. So that the parties may adequately present the Court with information concerning the first stay factor regarding the merits of Plaintiff's claims, the parties may jointly file up to 10 pages. For administrative convenience only, the Court adjourns the requirements of the Court's April 29, 2025, Order, ECF No. 11 , as to all parties, pending the outcome of the stay motion, which the Court will resolve expeditiously after the receipt of the forthcoming joint letter, and terminates the letter motions currently docketed at ECF Nos. 19 and 20 . Ordered by Judge Hector Gonzalez on 5/19/2025. (PN) (Entered: 05/19/2025) |
| 05/27/2025 | 21 | Letter *Joint Letter Addressing First Stay Factor Regarding Merits of Plaintiff's Claims* by Willie Maddix (Stengel, Andrew) (Entered: 05/27/2025) |
| 05/27/2025 | 22 | Letter *re: Purported "Joint" Letter filed by Plaintiff* by The City of New York (Thadani, Kavin) (Entered: 05/27/2025) |
| 05/29/2025 | 23 | ORDER: For the reasons provided in the attached Order, the motion to stay, ECF No. 21 , is GRANTED. The Court vacates its prior scheduling order, and the parties need not submit a joint letter or proposed case management plan at this juncture. *See* ECF No. 11 . The Clerk of Court is respectfully directed to terminate Defendant Reeves from the docket. Ordered by Judge Hector Gonzalez on 5/29/2025. (RCM) (Entered: 05/29/2025) |
| 05/29/2025 | | Order Dismissing Parties: Party Kyle Reeves terminated. Ordered by Judge Hector Gonzalez on 5/29/2025. (RCM) (Entered: 05/29/2025) |
| 06/27/2025 | 24 | Letter MOTION for Leave to File Document *Marriott Defendants' Letter Motion Requesting Leave to File a Motion to Dismiss* by Marriott Hotel Services, Inc., Marriott International, Inc.. (West, Emily) (Entered: 06/27/2025) |

5/14/26, 1:14 PM

Case: 26-1246, 05/16/2026, DktEntry: 9.1, Page 20 of 41
Eastern District of New York - LIVE Database 1.8 (Revision 1.8.4)

| | | |
|---|---|---|
| 06/30/2025 | | ORDER: Marriott Defendants have filed a pre-motion letter in anticipation of a proposed motion to dismiss Plaintiff's amended complaint. *See* ECF No. 24 . In that letter, Marriott Defendants also request that the briefing schedule for their forthcoming motion to dismiss be aligned with the City's briefing schedule. The Court grants the motion to align the briefing schedules and, as such, extends the deadline for Plaintiff to respond to Marriott Defendants' letter. If the City also files a pre-motion letter in anticipation of a motion to dismiss, Plaintiff is directed to file one oversized responsive letter, not to exceed six pages, on or before July 21, 2025. If the City answers the amended complaint, Plaintiff's deadline to respond to Marriott Defendants' letter shall remain July 21, 2025. In either event, in Plaintiff's responsive letter, Plaintiff shall address whether he believes the amended complaint can be further amended to address the issues raised in Defendants' letter(s). Ordered by Judge Hector Gonzalez on 6/30/2025. (PN) (Entered: 06/30/2025) |
| 07/14/2025 | 25 | Letter MOTION for pre motion conference *re: Anticipated Motion to Dismiss* by The City of New York. (Thadani, Kavin) (Entered: 07/14/2025) |
| 07/16/2025 | | ORDER: Defendant has filed a pre-motion letter in anticipation of a proposed motion to dismiss Plaintiff's complaint. *See* ECF No. 25 . Plaintiff shall file a responsive letter that complies with Section IV.A of the Court's Individual Practices on or before July 23, 2025, which shall address whether Plaintiff believes the complaint can be amended to address the issues raised in Defendant's letter. Ordered by Judge Hector Gonzalez on 7/16/2025. (PN) (Entered: 07/16/2025) |
| 07/21/2025 | 26 | RESPONSE in Opposition re 25 Letter MOTION for pre motion conference *re: Anticipated Motion to Dismiss by Defendant City and Marriott Defendants* filed by Willie Maddix. (Attachments: # 1 Exhibit KCDA Hotel Custody Log) (Stengel, Andrew) (Entered: 07/21/2025) |
| 07/24/2025 | | ORDER: The Court denies City Defendant's request for a pre-motion conference, *see* ECF No. 25 , because the Court deems a conference to be unnecessary. All Defendants shall file opening papers in support of their motions to dismiss on or before September 1, 2025. Plaintiff shall file opposition papers on or before October 1, 2025, and Defendants shall file reply papers on or before October 15, 2025. The parties' motion papers shall comply with the page limits and other requirements described in Section IV.B of the Court's Individual Practices.<br><br>Although the Court's prior orders expressly asked Plaintiff to explain whether Plaintiff believes the complaint can be further amended to address the issues raised in Defendants' pre-motion letters, Plaintiff's response to Defendants' letters states that Plaintiff does not intend to further amend the complaint. *See* ECF No. 26 at 5 n.3. The Court warns Plaintiff that it will not *sua sponte* consider whether Plaintiff should receive leave to file an amended complaint if the Court grants Defendants' motions to dismiss because although, "in general, courts should freely give leave to amend pleadings when justice so requires," "no court can be said to have erred in failing to grant a request that was not made." *Hu v. City of New York*, 927 F.3d 81, 107 (2d Cir. 2019) (affirming dismissal of complaint without leave to amend). Similarly, if Plaintiff attempts to request leave to amend in Plaintiff's opposition brief, without proposing any specific amendments, the Court will not be inclined to grant leave to amend because "denial of leave to amend is proper where the request gives no clue as to how the complaint's defects would be cured." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (affirming denial of leave to amend).<br><br>Accordingly, if Plaintiff intends to request leave to amend the complaint, Plaintiff shall either: (a) file a letter no longer than three pages on or before August 1, 2025, requesting leave to amend and describing generally Plaintiff's anticipated amendments, or (b) include as an exhibit to Plaintiff's brief in opposition to Defendants' motions to dismiss a proposed |

5/14/26, 1:14 PM

Case: 26-1246, 05/16/2026, DktEntry: 9.1, Page 21 of 41
Eastern District of New York - LIVE Database 1.8 (Revision 1.8.4)

|  |  |  |
|---|---|---|
|  |  | amended complaint and explain in Plaintiff's opposition brief why the proposed amendments would not be futile. If Plaintiff files a proposed amended complaint, Plaintiff shall also file a blackline version, or similar comparison, that shows which portions differ from Plaintiff's current complaint. Ordered by Judge Hector Gonzalez on 7/24/2025. (CBF) (Entered: 07/24/2025) |
| 07/30/2025 |  | ORDER: In light of the parties' communications with Chambers concerning the Court's July 24, 2025, Text Order, the Court modifies the deadline for Defendants' opening papers in support of their motions to dismiss. All Defendants shall file their opening papers in support of their motions to dismiss on or before September 2, 2025. All other deadlines remain in effect. Ordered by Judge Hector Gonzalez on July 30, 2025. (PN) (Entered: 07/30/2025) |
| 07/30/2025 | 27 | Letter *in response to he Court's July 25, 2025, order, concerning a possible amendment* by Willie Maddix (Attachments: # 1 Exhibit KCDA Hotel Custody Log) (Stengel, Andrew) (Entered: 07/30/2025) |
| 09/02/2025 | 28 | Notice of MOTION to Dismiss for Failure to State a Claim by The City of New York. (Thadani, Kavin) (Entered: 09/02/2025) |
| 09/02/2025 | 29 | AFFIDAVIT/DECLARATION in Support re 28 Notice of MOTION to Dismiss for Failure to State a Claim filed by The City of New York. (Attachments: # 1 Exhibit A - Respondent's Brief, # 2 Exhibit B - Material Witness Order and Affirmation in Support) (Thadani, Kavin) (Entered: 09/02/2025) |
| 09/02/2025 | 30 | MEMORANDUM in Support re 28 Notice of MOTION to Dismiss for Failure to State a Claim filed by The City of New York. (Thadani, Kavin) (Entered: 09/02/2025) |
| 09/02/2025 | 31 | MOTION to Dismiss for Failure to State a Claim *in the First Amended Complaint* by Marriott Hotel Services, Inc., Marriott International, Inc.. (Katsiris, Konstantinos) (Entered: 09/02/2025) |
| 09/02/2025 | 32 | MEMORANDUM in Support re 31 MOTION to Dismiss for Failure to State a Claim *in the First Amended Complaint* filed by Marriott Hotel Services, Inc., Marriott International, Inc.. (Katsiris, Konstantinos) (Entered: 09/02/2025) |
| 09/02/2025 | 33 | AFFIDAVIT/DECLARATION in Support re 31 MOTION to Dismiss for Failure to State a Claim *in the First Amended Complaint* filed by Marriott Hotel Services, Inc., Marriott International, Inc.. (Attachments: # 1 Complaint filed in Collins v. City of New York, et al., 11-CV-766, # 2 Amended Complaint filed in Quezada v. City of New York, 16-CV-6577, # 3 Complaint filed in Cooper v. City of New York, et. al., 21-CV-4171) (West, Emily) (Entered: 09/02/2025) |
| 10/01/2025 | 34 | MEMORANDUM in Opposition re 29 Affidavit in Support of Motion, 30 Memorandum in Support, 28 Notice of MOTION to Dismiss for Failure to State a Claim filed by Willie Maddix. (Stengel, Andrew) (Entered: 10/01/2025) |
| 10/01/2025 | 35 | MEMORANDUM in Opposition re 32 Memorandum in Support, 31 MOTION to Dismiss for Failure to State a Claim *in the First Amended Complaint*, 33 Affidavit in Support of Motion, filed by Willie Maddix. (Stengel, Andrew) (Entered: 10/01/2025) |
| 10/14/2025 | 36 | REPLY in Support re 28 Notice of MOTION to Dismiss for Failure to State a Claim filed by The City of New York. (Thadani, Kavin) (Entered: 10/14/2025) |
| 10/15/2025 | 37 | REPLY in Support re 31 MOTION to Dismiss for Failure to State a Claim *in the First Amended Complaint* filed by Marriott Hotel Services, Inc., Marriott International, Inc.. (Katsiris, Konstantinos) (Entered: 10/15/2025) |

| 03/21/2026 | 38 | Letter *Re: U.S. Supreme Court decision in Olivier v. Brandon* by Willie Maddix (Attachments: # 1 Oliver v. Brandon) (Stengel, Andrew) (Entered: 03/21/2026) |
|---|---|---|
| 03/23/2026 | 39 | Letter *in response to plaintiff's March 21, 2026 letter* by The City of New York (Thadani, Kavin) (Entered: 03/23/2026) |
| 04/03/2026 | 40 | Letter *Re: U.S. Supreme Court denial of certiorari in Wilson v. Midland County, Doc. No. No. 24-672* by Willie Maddix (Stengel, Andrew) (Entered: 04/03/2026) |
| 04/06/2026 | 41 | Letter *in response to plaintiff's April 3, 2026 letter* by The City of New York (Thadani, Kavin) (Entered: 04/06/2026) |
| 04/08/2026 | 42 | ORDER: For the reasons set forth in the accompanying Order, the Court GRANTS Defendants' motions, ECF Nos. 28 and 31 , and DISMISSES Plaintiff's Amended Complaint in its entirety pursuant to Rule 12(b)(6). The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case. Ordered by Judge Hector Gonzalez on 4/8/2026. (WCB) (Entered: 04/08/2026) |
| 04/09/2026 | 43 | CLERK'S JUDGMENT: that judgment is hereby entered in favor of Defendants. Signed by Deputy Clerk, Jalitza Poveda, on behalf of Clerk of Court, Brenna B. Mahoney, on 4/9/2026. (JP) (Entered: 04/09/2026) |
| 05/04/2026 | 44 | NOTICE OF APPEAL as to 42 Order on Motion to Dismiss for Failure to State a Claim,,, 43 Clerk's Judgment by Willie Maddix. Filing fee $ 605, receipt number ANYEDC-20179931. Appeal Record due by 5/11/2026. (Stengel, Andrew) (Entered: 05/04/2026) |
| 05/04/2026 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 44 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 05/04/2026) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/14/2026 13:14:36 | | |
| **PACER Login:** collinsjabbar144 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:25-cv-01909-HG |
| **Billable Pages:** 8 | **Cost:** | 0.80 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIE MADDIX,

                Plaintiff,

      v.

THE CITY OF NEW YORK *et al.*,

                Defendants.

**MEMORANDUM & ORDER**
25-CV-1909 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Willie Maddix brings this action against Defendants City of New York (the "City"), Marriott Hotel Services, Inc., and Marriott International, Inc. (collectively, the "Marriott Defendants").  Plaintiff alleges several constitutional violations under 42 U.S.C. § 1983 and one related state law claim, asserting that Defendants violated his rights under the United States Constitution and New York Constitution by failing to disclose *Brady* material during Plaintiff's state trial in 1994, and covering up those same alleged violations in the years since.  ECF No. 5.[1]

Currently before the Court are two motions to dismiss:  the City's motion, ECF Nos. 28, 30 (City's Motion to Dismiss and Memorandum) and the Marriott Defendants' motion, ECF Nos. 31, 32 (Marriott Defendants' Motion to Dismiss and Memorandum).  Defendants bring their motions pursuant to Rule 12(b)(6).

For the reasons that follow, Defendants' motions are GRANTED.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

## BACKGROUND[2]

### I.    Relevant Facts

In August 1994, Plaintiff was convicted after a jury trial of criminal possession of a weapon in the second degree in connection with a shooting that resulted in the death of Jose Felix and an injury to Larry Butcher. *See* ECF No. 5 ¶¶ 20, 78–79. Two witnesses implicated Plaintiff in the shooting: Larry Butcher, one of the shooting victims, and Felix DeJesus, an eyewitness. *See id.* ¶ 70.

Plaintiff alleges that, on July 30, 1994, the court issued a material witness warrant for DeJesus's arrest and that the assistant district attorney prosecuting his case, Kyle Reeves ("ADA Reeves"), "illegally" and "secretly imprisoned [DeJesus] against his will in a Brooklyn hotel room . . . to coerce his trial testimony." ECF No. 5 ¶¶ 3, 51–52, 61. Plaintiff further alleges that ADA Reeves "conveyed to DeJesus, in sum and substance, that if DeJesus testified in accordance with Reeves's case narrative, DeJesus would be released from custody" and that "DeJesus's release from custody was thus dependent on his cooperation against Maddix." *Id.* ¶¶ 59–60. Plaintiff claims that "Reeves's coercion of DeJesus's trial testimony was *Brady/Giglio* material Reeves was obligated to disclose to Maddix and his attorney." *Id.* ¶ 62.

At trial, DeJesus "testif[ied] against" Plaintiff. ECF No. 5 ¶ 3. Blutcher also testified against Plaintiff. *Id.* ¶ 70. Ultimately, the jury found Plaintiff guilty. *Id.* ¶ 78.

Plaintiff was released from custody on August 29, 2012. *Id.* ¶ 100. More than 12 years after he was released, on December 18, 2024, Plaintiff first discovered the alleged *Brady/Giglio*

---

[2]    The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

material, and the Kings County District Attorney's Office's ("KCDA") alleged subsequent suppression of that material, through a public records request made by a third party. ECF No. 5 ¶ 103.

## II.    Procedural History

In the years following Plaintiff's trial and conviction, his conviction has not been reversed or otherwise invalidated. Plaintiff commenced this action on April 8, 2025, by filing a complaint against the City, Marriott Defendants, and ADA Reeves.[3] *See* ECF No. 1. About two weeks later, Plaintiff amended his complaint. *See* ECF No. 5 (Amended Complaint).

The Amended Complaint asserts seven causes of action. Plaintiff asserts three causes of action against both the City and Marriott Defendants: a denial of a fair trial claim (Claim I); a substantive due process claim (Claim III); and a conspiracy claim, alleging Defendants conspired to violate Plaintiff's constitutional rights (Claim VII). As to the City alone, Plaintiff asserts two municipal liability (*Monell*) claims (Claim IV and Claim V). Finally, Plaintiff brings two further claims against the Marriott Defendants: a *Monell* claim (Claim VI) and a New York State constitutional due process claim (Claim VIII). *See generally id.*

On June 27, 2025, the Marriott Defendants filed a pre-motion letter in anticipation of their motion to dismiss the Amended Complaint. *See* ECF No. 24. The Court then ordered Plaintiff to "address whether he believes the amended complaint can be further amended to address the issues" raised in the Marriott Defendants' letter. June 30, 2025, Text Order. After the City filed a similar pre-motion letter on July 14, 2025, *see* ECF No. 25, the Court again

---

[3]    Plaintiff initially sued ADA Reeves, *see* ECF No. 1, but Plaintiff "agree[d] to voluntarily discontinue [Claim II] (First Amendment Right of Access) and to dismiss Defendant [] Reeves" and to assert claims against only the City and Marriott Defendants, *see* ECF Nos. 21, 23.

ordered Plaintiff to "address whether Plaintiff believes the complaint can be amended to address the issues raised in" the City's letter, July 16, 2025, Text Order.

In response to those Orders, Plaintiff informed the Court that "the allegations in the [Amended Complaint] are sufficient to establish [the Defendants'] liability." ECF No. 26 at 5 n.3. On July 24, 2025, the Court acknowledged that "Plaintiff's response to Defendants' letters states that Plaintiff does not intend to further amend the complaint." July 24, 2025, Text Order. Less than a week later, Plaintiff confirmed that "he does not intend to amend the complaint." ECF No. 27 at 1.

On September 2, 2025, Defendants filed their respective motions to dismiss pursuant to Rule 12(b)(6). *See* ECF Nos. 28, 30–32. Plaintiff filed oppositions to each motion on October 1, 2025, *see* ECF Nos. 34 (Opposition to City); 35 (Opposition to Marriott Defendants), and Defendants filed their respective replies on October 14, 2025, *see* ECF No. 36 (City's Reply), and October 15, 2025, *see* ECF No. 37 (Marriott Defendants' Reply).

## **LEGAL STANDARD**

Defendants move to dismiss Plaintiff's Amended Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under this Rule, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matzell v. Annuci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from

4

those allegations in the light most favorable to plaintiff, and construe the complaint liberally."

*Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).  The Court must, however, disregard any

"conclusory allegations, such as formulaic recitals of the elements of a cause of action."  *Iqbal*,

556 U.S. at 678.  A pleading that only "tenders naked assertions devoid of further factual

enhancement" will not suffice.  *Id.*

## DISCUSSION

The Court begins by addressing two preliminary hurdles that Plaintiff must overcome

with respect to his claims.  The parties spend considerable time in their submissions arguing,

first, why the bar set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and second, whether the

statute of limitations should, or should not, apply to Plaintiff's claims.  *See, e.g.,* ECF No. 30 at

12–19; ECF No. 32 at 14–21; ECF No. 34 at 18–28.  The Court discusses the applicability of the

*Heck* bar and the statute of limitations before turning to Defendants' arguments concerning the

substance of Plaintiff's claims.

### I.        Preliminary Hurdles

#### A.        The Heck Bar

Under *Heck*, if a plaintiff "seeks damages in a § 1983 suit" and a judgment in his favor

"would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated."  512 U.S. at 487.  Whether *Heck* applies to circumstances like those seen here—

where a non-custodial plaintiff brings a § 1983 case that necessarily challenges the validity of his

conviction but has not taken steps to attack the conviction's validity through collateral attack—is

an open question in this Circuit.  *Compare, e.g., Chapman v. Fais*, 540 F. Supp. 3d 304, 307–08

(E.D.N.Y. 2021) (finding suit *Heck* barred where plaintiff "deliberate[ly]" chose to file § 1983

5

action "over the established procedures to obtain a formal vacatur of a conviction") *with, e.g.,*

*John v. Lewis*, No. 15-cv-5346, 2017 WL 1208428, at \*7 (E.D.N.Y. Mar. 31, 2017) ("It is

Second Circuit law that a plaintiff not in State custody, who thus does not have a *habeas corpus*

remedy available, may bring a § 1983 action, even if a successful claim would 'necessarily imply

the invalidity of his conviction.'") (quoting *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999)).

The Court does not endeavor to answer that open question here.  Instead, it is persuaded

by Judge Calabresi's concurrence in *Teichmann v. New York* which states that "many cases . . .

can be disposed of based on well-settled principles" and "it is generally desirable . . . to decide

them on [] non Heck grounds."  769 F.3d 821, 829 (2d Cir. 2014) (Calabresi, J., concurring).

Accordingly, the Court declines the parties' invitation to "try to read the . . . tea leaves," *Packer*

*ex rel. 1-800-Flowers.com, Inc. v. Raging Cap. Mgmt., LLC*, 105 F.4th 46, 54 (2d Cir. 2024), and

foregoes addressing *Heck* questions in favor of "well-settled principles," *Teichman*, 769 F.3d

at 829.[4]

### B. The Statute of Limitations

"The statute of limitations for [§] 1983 claims brought in a federal court in New York is

three years from the date the underlying constitutional violation occurred." *Opperisano v. P.O.*

*Jones*, 286 F. Supp. 3d 450, 463 (E.D.N.Y. 2018).  However, for "[§] 1983 damages claims

---

[4]     The Court has neither the occasion nor need to address the parties' arguments regarding equitable estoppel or the *Rooker-Feldman* doctrine because it concludes that Plaintiff fails to state a claim for which relief can be granted.  *See infra* Part II.A.

The Court also acknowledges Plaintiff's and the City's letters concerning the Supreme Court's recent decision in *Oliver v. City of Brandon*, 607 U.S. ___ (2026), issued on March 20, 2026, *see* ECF Nos. 38, 39.  However, *Oliver* has no bearing on the case before the Court, as *Oliver* concerns the applicability of the *Heck* bar to prospective relief and does not involve a collateral attack on the petitioner's conviction.  The Court further acknowledges Plaintiff's and the City's letters concerning the Supreme Court's recent denial of *certiorari* in *Wilson v. Midland County*, No. 24-672, 2026 WL 858442 (Mar. 30, 2026), *see* ECF Nos. 40, 41, but declines to address them for the reasons set forth in this section.

based on unconstitutional convictions or sentences," claims "'do[] not accrue until the conviction or sentence . . . has been invalidated.'" *Id.* (quoting *Heck*, 512 U.S. at 490). With respect to exceptions to *Heck*, the statute of limitations accrues when "habeas [relief] is no longer available, despite due diligence." *Id.* at 464. Here, Plaintiff's conviction has neither been reversed nor invalidated, and while his claims are based on an alleged constitutional violation, *see generally*, ECF No. 5, there is no constitutional violation in fact. Moreover, habeas relief is no longer available because he was released from prison in August 2012. *Id.* ¶ 100; *Huang v. Johnson*, 251 F.3d 65, 75 (2d Cir. 2001); *accord Smith v. Duquesnay*, No. 07-cv-2795, 2012 WL 1116450, at *1 n.1 (E.D.N.Y. Mar. 30, 2012) (acknowledging that the Second Circuit has "specifically noted that no habeas remedy lies for an individual that has been released from custody"). Thus, Plaintiff's claims have either not accrued or have expired, at the very latest, on August 29, 2015. *See* ECF No. 30 at 16; *Opperisano*, 286 F. Supp. 3d at 463.

Defendants each argue that Plaintiff's claims are time-barred. *See* ECF No. 30 at 16–19; ECF No. 32 at 16–21. Plaintiff counters that the statute of limitation should be tolled, asserting that the diligence-discovery rule or equitable estoppel apply. *See* ECF No. 34 at 13, 28; ECF No. 35 at 17–22. At the motion to dismiss stage, a "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). Here, the Parties' arguments on tolling, the diligence-discovery rule, and equitable estoppel raise a question of whether the Amended Complaint is time-barred on its face. However, the Court need not resolve those issues at this juncture because, as set forth below, Plaintiff has not plausibly alleged a constitutional injury sufficient to state a claim under § 1983. *See infra* Part II.A; *see also Venticinque v. Brown*, No. 09-cv-2861, 2010 WL 3824122, at *1–3 (E.D.N.Y. Sept. 23, 2010) (addressing the merits of plaintiff's § 1983 claim despite the fact that

7

it was likely time-barred because "[e]ven if the court ignored the statute of limitations, the action still fails to state a claim for which relief can be granted").

## II.    Plaintiff's Substantive § 1983 Claims

Preliminary hurdles aside, Plaintiff's claims under § 1983 and related state law are predicated on an alleged *Brady* violation prior to Plaintiff's 1994 trial and the alleged subsequent coverup.  To maintain a claim under § 1983: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

### A.    Plaintiff Fails to Plausibly Allege Constitutional Injury

#### i.    Defendants did not Violate *Brady*

Plaintiff's *Brady*-related claims are premised on his assertion that the KCDA's failure to disclose DeJesus's hotel stay amounts to a violation of the prosecutor's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).  However, as further explained below, Plaintiff's claims fail because the relevant conduct did not violate *Brady* and, therefore, did not deprive Plaintiff of "rights, privileges, or immunities secured by the Constitution." *Pitchell*, 13 F.3d at 547.  In any event, Plaintiff's claims fail against the Marriott Defendants because they were not "acting under color of state law." *Id.*

At bottom, Plaintiff has failed to allege any conduct that deprived him of his constitutional rights.  Although Plaintiff contends that Defendants did not disclose that DeJesus stayed at a Marriott hotel for nearly three days prior to testifying at Plaintiff's trial, ECF No. 5 ¶¶ 3, 51–52, 61–80, his argument hinges on the notion that, by securing DeJesus's attendance at trial through a material witness warrant and detaining him at the hotel until he testified, ADA

8

Reeves coerced DeJesus's testimony. That, in Plaintiff's view, constitutes a *Brady* violation. The Court disagrees.

For Plaintiff to prevail on such a claim, he would need to allege in non-conclusory fashion that Defendants fabricated DeJesus's testimony, which he fails to do; coercion, standing alone, is insufficient absent resulting fabrication. *See Galloway v. County of Nassau*, 141 F.4th 417, 423–24 (2d Cir. 2025) (finding *Brady* violation where police officers coerced witness into signing false statement and withholding that fact from prosecutors, thereby withholding it from defendant); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (finding when "police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial"); *see also Thomas v. Mason*, No. 17-cv-626, 2023 WL 2709730, at *7 (N.D.N.Y. Mar. 30, 2023) ("There is clearly a difference between coercing [a witness] to testify and fabricating witness testimony."). Here, even when reading the Amended Complaint in the light most favorable to Plaintiff, the Court finds no indicia of fabrication in the allegations, only "the coercion leading to DeJesus's trial testimony." ECF No. 5 ¶ 3; *see also id.* ¶¶ 62, 75, 87, 95, 106.

The *Brady* violation which Plaintiff alleges stems from ADA Reeves's holding DeJesus in a Marriott hotel for nearly three days leading up to Plaintiff's trial. *Id.* ¶¶ 52, 61. During this time, Plaintiff alleges that DeJesus remained in a hotel room that was "shackled," and where officers "controlled all entry and exit[]." *Id.* ¶¶ 55–56. DeJesus was given no telephone and permitted no visitors, except for ADA Reeves and select KCDA personnel. *See id.* ¶¶ 57–58.

Plaintiff alleges that DeJesus "refused to testify during [Maddix's] trial" and that ADA Reeves informed DeJesus that he "would be released if he testified." ECF No. 5 ¶ 3. This allegation, in Plaintiff's own words, concerns only coercion. *See id.* (alleging "the prosecutor

9

secretly imprisoned the witness against his will . . . to coerce his trial testimony"). Thus, even when the Court reads the Amended Complaint in the light most favorable to Plaintiff, as the Court is required to do at this stage, *Roth*, 489 F.3d at 510, Plaintiff alleges facts sufficient to satisfy only one of the necessary elements to state a *Brady* claim. However, two elements—both coercion *and* fabrication—are necessary for Plaintiff's *Brady* claim to survive a motion to dismiss. *See Galloway*, 141 F.4th at 423–24; *Ricciuti*, 124 F.3d at 130; *Thomas*, 2023 WL 2709730, at *7.

Moreover, Plaintiff's allegation that ADA Reeves told DeJesus that he "would be released from custody," as long as he "testified in accordance with Reeves's case narrative,"[5] ECF No. 5 ¶ 59, reaches the same result. That is, even when read in Plaintiff's favor, Plaintiff alleges only coercion, not coercion *and* fabrication, as is required. *See Galloway*, 141 F.4th at 423–24; *Ricciuti*, 124 F.3d at 130; *Thomas*, 2023 WL 2709730, at *7. Nothing in the Amended Complaint supports even an inference that DeJesus did not testify truthfully or that ADA Reeves induced DeJesus to fabricate any portion of his testimony.[6] At most, therefore, the Amended Complaint asserts only that DeJesus's release from the hotel room was "dependent on his cooperation against Maddix," and the legal conclusion that "Reeves's coercion of DeJesus's trial testimony was *Brady/Giglio* material [that] Reeves was obligated to disclose to Maddix[.]" ECF

---

[5]     Notably, Plaintiff fails to allege that ADA Reeves's case narrative was false. *See generally* ECF No. 5. The only non-conclusory allegations relating to falsity concern ADA Reeves's "falsely portray[ing]" DeJesus's reasons for testifying. ECF No. 5 ¶¶ 5, 46, 72, 106.

[6]     Moreover, even after the City raised this argument in its Motion, ECF No. 30 at 22–25, Plaintiff still failed to address fabrication in his Opposition, *see generally* ECF No. 35. Accordingly, Plaintiff abandons any argument as to fabrication. *See Charlier v. 21 Astor Place Condo.*, No. 22-cv-05903, 2024 WL 4026253, at *8 (S.D.N.Y. Sept. 3, 2024) (deeming claims abandoned where plaintiff did not raise any contrary arguments in opposition to a motion to dismiss).

10

No. 5 ¶¶ 60, 62.  Stated otherwise, even if the Court squints to read as much as possible from Plaintiff's allegations, it is unable to find any allegation that DeJesus's testimony was fabricated.

In short, because Plaintiff does not complain of conduct that has "deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States," *see Pitchell*, 13 F.3d at 547, his *Brady*-related claims must be dismissed with prejudice.[7]

> ii.      Plaintiff's Non-*Monell* Claims Against the City Fail Because they are Premised on a Theory of *Respondeat Superior*

"An individual plaintiff may sue a municipality directly under § 1983 only for constitutional deprivations inflicted pursuant to a governmental custom or policy. . . .  A municipality may not be held liable under § 1983 for the actions of its employees under a theory of *respondeat superior*."  *Flores v. City of Mount Vernon*, 41 F. Supp. 2d 439, 446 (S.D.N.Y. 1999).  Here, Plaintiff's allegations concerning a conspiracy that denied him of the right to a fair trial and substantive due process are premised entirely on the conduct of ADA Reeves.  *See* ECF No. 5 ¶¶ 118–27, 139–48, 317–25.  And without alleging that any such conduct was undertaken pursuant to an official policy, custom, or practice, as required under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), the claims are necessarily brought under a theory of *respondeat superior*.  Accordingly, even if Plaintiff were to establish an underlying constitutional violation, the claims against the City are barred as an impermissible attempt to

---

[7]      While the Court acknowledges Plaintiff's conspiracy claim (Claim VII), it need not address it here as it is implausible based on the absence of constitutional harm.  *See Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because . . . the underlying [§] 1983 cause[] of action can[not] be established, the claim for conspiracy also fails.") (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)).

11

impose *respondeat superior* liability under § 1983.  The Court therefore dismisses Claims I, III, and VII against the City.[8]

### B.     The Marriott Defendants are not State Actors

"Constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law."  *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)).  This rule is unwaivable and is known as the "state action requirement."  *Astacio v. City of New York*, 698 F. Supp. 3d 530, 535 (E.D.N.Y. 2023), *aff'd*, No. 23-7598, 2025 WL 80069 (2d Cir. Jan 13, 2025).  A private party's actions are deemed state action only:

> (1) when the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ("the joint action test" or "close nexus test"); [or] (3) when the entity has been delegated a public function by the state ("the public function test").

*Barrows v. Becerra*, 24 F.4th 116, 135 (2d Cir. 2022).  Taking each circumstance in turn, the Court concludes that Plaintiff fails to plausibly allege the Marriott Defendants are state actors.

First, Plaintiff fails to plead sufficiently that the "compulsion test" is satisfied.  The Amended Complaint is silent as to whether the Marriott Defendants were compelled to rent rooms to the KCDA.  *See generally*, ECF No. 5 ¶¶ 296–316.  Marriott Defendants raise in their

---

[8]     Moreover, even if Claims I, III, and VII were not premised on a theory of *respondeat superior*, they still would fail because they are predicated on the conduct of ADA Reeves, which is entitled to absolute immunity.  *See Hill v. City of New York*, 45 F.3d 653, 660–62 (2d Cir. 1995) ("State prosecutors are entitled to absolute immunity for that conduct intimately associated with the judicial phase of the criminal process," including *Brady* violations.); *Solely v. Cnty. of Nassau*, No. 18-cv-377, 2022 WL 2954055, at 7 (E.D.N.Y. July 26, 2022) ("A conspiracy claim also falls within the ambit of absolute prosecutorial immunity.") (citing *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)); *McDonough v. Smith*, no. 15-cv-1505, 2022 WL 3279348, at *19 (N.D.N.Y. Aug. 11, 2022) ("The 'coercion of witnesses' is a prosecutorial activity for which absolute immunity applies.") (citing *Taylor v. Kavanaugh*, 640 F.2d 450, 452 (2d Cir. 1981)).

Motion—and Plaintiff does not contest—that the Amended Complaint contains no allegations that the Marriott Defendants were compelled to rent rooms to the KCDA. *See* ECF No. 32 at 22–23.[9] Without allegations of compulsion, the Amended Complaint suggests only arms-length commercial negotiations between the Defendants. Such garden-variety contractual arrangements do not create state action. *See Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 492 (2d Cir. 2009). Thus, Plaintiff fails to satisfy the compulsion test. *See Becerra*, 24 F.4th at 135.

Plaintiff next argues that the actions of the Marriott Defendants satisfy the "joint action test" through their alleged conspiracy with the KCDA because they "jointly engaged with the Kings County District Attorney" in their conduct. *See* ECF No. 5 ¶ 314. "To state a claim against a private entity on a [§] 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Ciambriello*, 292 F.3d at 324 (2d Cir. 2002) (quoting *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)). Specifically, a plaintiff must plausibly allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Id.* at 324–25 (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)). Such a complaint must allege "particular acts or facts" rather than mere conclusory allegations. *Brewster v. Nassau Cnty.*, 349 F. Supp. 2d 540, 547 (E.D.N.Y. 2004). And such facts must detail the "joint, coordinated behavior" between the Marriott Defendants and the City evidencing they "shared a common unlawful goal" to "deprive" Plaintiff of his constitutional rights. *See Defeo v. Leibstein*, No. 16-cv-5150, 2018 WL 5777023, at *4 (E.D.N.Y. Nov. 1, 2018).

---

[9]    Because Plaintiff fails to contest this point in his Opposition, he has abandoned any argument that this prong is satisfied. *See Charlier*, 2024 WL 4026253, at *8.

Plaintiff provides no "particular acts or facts" to support his argument, let alone any showing that Defendants "shared a common unlawful goal" to "deprive" Plaintiff of his rights. Instead, Plaintiff's conspiracy theory rests on speculative and conclusory allegations that the City and Marriott Defendants "explicitly and/or corruptly agreed to commit with each other, and/or other unarmed conspirators, the wrongs" and to "cover-up each other's misconduct." ECF No. 5 ¶ 318. Plaintiff has shown no agreement, tacit or otherwise, between Defendants which shows an intention to act in concert to inflict an unconstitutional injury upon Plaintiff. *See Cambriello*, 292 F.3d at 324–25. The most Plaintiff alleges is that "joint action" can be found by the mere fact that the Marriott Defendants implemented the same "custody number organizing system" as the KCDA (*i.e.*, tracking room reservations using the same number the KCDA used to identify individuals in custody), followed KCDA's instructions as to the rooms and to the services that should be provided to witnesses, and provided "government rates." ECF No. 5 ¶¶ 301–09, 313–14. But none of these purported allegations give any plausible indication of a conspiracy between the parties. Put simply, the Marriott Defendants offered standard hotel services to the City.[10]

Lastly, the Marriott Defendants' conduct does not satisfy the "public function test" because the act of renting of hotel rooms is private conduct innate to operation of a hotel, regardless of the renter's intent. *See Lurch v. City of New York*, No. 19-cv-11253, 2021 WL 1226927, at *3 (S.D.N.Y. Mar. 31, 2021). In *Lurch*, the court held a hotel was not a state actor because "decisions made in the day-to-day administration of a [hotel] are [not] the kind of decisions traditionally and exclusively made by the sovereign for and on behalf of the public."

---

[10]   The Court need not, and does not, address Plaintiff's aiding and abetting liability argument given "§ 1983 does not support aiding and abetting liability." *See Woods v. Chadwick*, No. 21-cv-0662, 2021 WL 12318012, at *3 n.4 (N.D.N.Y. July 19, 2021).

*Id.* Here, the circumstances presented are the same. Marriott Defendants are alleged to have rented two rooms to the KCDA and provided other services commensurate with operating a hotel. *See* ECF No. 5 ¶ 57. Consequently, the alleged conduct of the Marriott Defendants does not satisfy the public function test. *See Becerra*, 24 F.4th at 135.

In light of the foregoing, Plaintiff fails to plausibly allege that the Marriott Defendants are state actors. Accordingly, the Court hereby dismisses Counts I, III, and VII against the Marriott Defendants with prejudice.

### III. Plaintiff's *Monell* Claims Fail

Plaintiff brings *Monell* claims against both the City and the Marriott Defendants. To state a *Monell* claim, a plaintiff must prove the following elements: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). Plaintiff fails to meet this standard.

Defendants tackle the second factor of the *Roe* test similarly, arguing that because there has been no deprivation of a constitutional right, Plaintiff fails to state a cognizable claim. *See* ECF No. 30 at 20; ECF No. 32 at 28. The Court agrees and the law is clear: "[i]t is well-settled that a *Monell* claim cannot succeed without an underlying constitutional violation." *Mastromonaco v. Cnty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019). Moreover, "[*Monell*] is an extension of liability, not an independent cause of action, and therefore requires an underlying constitutional violation. . . . '[Without an] underlying constitutional violation, [a court's] decision not to address the municipal defendants' liability under *Monell* [is] entirely correct.'" *Soto v. City of New York*, 132 F. Supp. 3d 424, 459 (E.D.N.Y. 2015) (quoting *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)).

15

Plaintiff fails to address this factor, but the Court has already found he fails to allege a constitutional violation. *See supra* Part II.A. Because Plaintiff has not alleged an underlying constitutional violation, he therefore fails to plausibly state a cognizable *Monell* claim. *See Soto*, 132 F. Supp. 3d at 459; *Mastromonaco*, 779 F. App'x at 51.[11]

## IV.     State Constitutional Due Process Claim

Plaintiff's final claim alleges that the Marriott Defendants violated his rights under the Due Process and Equal Protection provisions of the New York Constitution. ECF No. 5 ¶¶ 326–329. Plaintiff does not allege a separate theory of subject matter jurisdiction for this claim. Instead, he invokes the Court's supplemental jurisdiction. *See id.* ¶ 327 (noting this claim is brought "by virtue of [Marriott Defendants'] acts and omissions detailed above").

Although district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), such jurisdiction is discretionary, *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). And a district court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). District courts may exercise their discretion in deciding whether to exercise supplemental jurisdiction over state law claims when all federal claims were dismissed at the pleading stage. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006); *see also Cangemi v. United States*, 13 F.4th 115, 133–34 (2d Cir. 2021).

---

[11]     Even if Plaintiff were to plausibly allege a constitutional violation, which he has not, his *Monell* claim (Claim VI) against the Marriott Defendants would still fail, as they are not state actors and, therefore, do not meet the requirement of taking action "under color of law." *See Roe*, 542 F.3d at 36.

Here, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Since this case has progressed only to the motion to dismiss stage without the parties conducting any discovery, applying the normal presumption against supplemental jurisdiction is appropriate. *See Onibokun v. Chandler*, 749 F. App'x 65, 67 (2d Cir. 2019) ("find[ing] no abuse of discretion" in declining supplemental jurisdiction at motion to dismiss stage).

## LEAVE TO AMEND

Plaintiff does not seek leave to amend, and, in fact, has repeatedly declined his opportunities for further amendment. *See* ECF No. 26 at 5 n.3; ECF No. 27 at 1. Accordingly, the Court dismisses Plaintiff's claims with prejudice. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request [to amend] that was not made.").

Even if Plaintiff had sought leave to amend the Amended Complaint, the Court would not grant it because it would be futile. *See Jones-Bey v. Stanislov*, No. 23-cv-5599, 2024 WL 3520636, at *6 (S.D.N.Y. July 23, 2024) ("Because Plaintiff fails to allege a constitutional violation and provides no basis to conclude that any amendment could remedy [his] pleadings . . . granting Plaintiff leave to amend would be futile."). Without a viable *Brady* violation, any amendment of Plaintiff's claims would also be futile. Moreover, Plaintiff "ha[s] had multiple opportunities to allege sufficient specific facts to render his claims plausible," including in his original complaint, the Amended Complaint, and after being twice notified by the Court of the complaint's deficiencies. *See Williams v. Calderoni*, No. 11-cv-3020, 2012 WL 691832, at *8 (S.D.N.Y. 2012). Therefore, "leave to amend would be futile because [P]laintiff ha[s] already had two bites at the apple and they have proven fruitless." *Harris v. Westchester Cnty. Med. Ctr.*, No. 08-cv-1128, 2011 WL 2637429, at *4 (S.D.N.Y. July 6, 2011).

17

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motions, ECF Nos. 28 and 31, and DISMISSES Plaintiff's Amended Complaint in its entirety pursuant to Rule 12(b)(6).  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 8, 2026

18